IN OPEN COURT
11/1/04
RALPH L. DeLOACH, CLERK
By [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRADLEY S. PERKINS,
Defendant.

Case No. 04-20070-02-CM

# PLEA AGREEMENT

The United States of America, by and through Special Assistant United States Attorney, Tristram W. Hunt, and Bradley S. Perkins, the defendant, personally and by and through defendant's counsel, Bob Thomas, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea**. The defendant agrees to plead guilty to Count 3 of the Indictment charging that the defendant did unlawfully and knowingly open, use, rent and maintain a place, that is, a residence located at 5431 Switzer Street, Merriam , Kansas, for the purpose of manufacturing, distributing and using marijuana, a controlled substance, in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 3 of the Indictment to which the defendant has agreed to plead guilty is not more than 20 years imprisonment, not more than a $500,000 fine, not less than 3 years of supervised release, a $100.00 mandatory special assessment fee

and a civil penalty of not more than $250,000 or two times the gross receipts, either known or estimated, that were derived from each violation that is attributable to the defendant. The United States agrees that at the time of sentencing it will move for dismissal of the remaining counts of the indictment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

The government's evidence would show that on October 10, 2003 a state search warrant was executed on the defendant's home at 5431 Switzer Road, in Johnson County, Kansas. Officers recovered more than 100 marijuana plants with roots that were being grown in a sophisticated hydroponic grow operation in the basement of the defendant's residence. Co-defendant Earl Newland, who had been paying defendant rent to live in his house for approximately one year, admitted growing and distributing marijuana and described how he did so for officers. Officers also discovered $3,350, two bags of dried marijuana, marijuana seeds, a pipe, marijuana buds and a handgun in the basement. The gun, a Sig-Sauer Model .40 caliber semi automatic handgun, serial # AF17014 was in close proximity to the marijuana seeds, U.S. currency, dried marijuana and marijuana plants. Said handgun was unloaded in a gun case with two clips, one of which was loaded.

Government witnesses would testify that the handgun was possessed by the co-defendant Earl Newland during and in relation to the intentional manufacture and possession with intent to distribute more than 100 marijuana plants and in furtherance of said drug trafficking crime. The evidence would show that the handgun was stored in a readily accessible location with a loaded clip in close proximity to the marijuana grow operation, marijuana and U.S. currency, in order to safeguard and protect the marijuana grow operation, U.S. currency and dried marijuana.

The defendant admitted to officers that he knew that co-defendant Newland had a marijuana grow operation in the basement of his house and that he had been in the basement a few days prior to the search warrant being executed. Co-defendant Newland told officers he sometimes paid defendant in marijuana in lieu of cash for rent. The marijuana plants and dried marijuana were tested by a forensic chemist and were in fact found to be marijuana.

3. **Relevant Conduct.** The defendant understands that the conduct charged in any dismissed counts of the indictment is to be considered as well as all

other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

**4. Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

a. To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;

b. To recommend a sentence at the low end of the applicable guideline range;

c. To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty. However, the government's obligation concerning acceptance of responsibility is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw this recommendation without breaching this agreement;

d. To not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure.

e. To refrain from arguing that the firearm possessed by co-defendant Earl Newland should be scored against the defendant under the applicable Sentencing Guideline section.

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and

may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rules of Criminal Procedure, § 11(f), Federal Rules of Evidence, § 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

**5. Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

**6. Information Provided by Defendant.** It is not anticipated that the defendant will testify or make statements other than in court proceedings. However, the defendant agrees to testify truthfully as a witness for the government should co-defendant Earl Newland request a trial. The defendant agrees that the proffer statement given by the defendant to Sargent Vince Walk of the Shawnee Police Department was a truthful in all respects.

7. **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

8. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver payment to the clerk of the court in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 4(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

9. **Waiver of Right to Appeal and Waiver of Collateral Attack**

Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to

the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

**10. Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

**11. Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**12. Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies.

The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**13. Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**14. Waiver of *Blakely* Rights.** The defendant agrees to waive any rights that may have been conferred under *Blakely v. Washington,* 2004 WL 1402697 (June 24, 2004), and agrees to have the sentence in this case determined under the U.S. Sentencing Guidelines (Guidelines). The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.

**15. No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement,

understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

TRISTRAM W. HUNT
Special Assistant U.S. Attorney
500 State Ave, Suite 360
Kansas City, Kansas, 66101
Tel: 913-551 6730
Fax: 913-551-6541
Ks.S.Ct. #18196

Date: 11-1-04

MARIETTA PARKER
Criminal Chief/Supervisor

Date: 11-01-04

BRADLEY S. PERKINS
Defendant

Date: 11-01-04

BOB THOMAS
128 South Chestnut Street
Olathe, Kansas, 66061
Tel: 913-768-1700
Fax: 913-768-1772
Ks. S.Ct #: 19789

Date: 11-1-4